UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MESKATH UDDIN,<br><br>　　　　Defendants. | No.  2:22-cv-0864 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants violated his Fourth and Eighth Amendment rights.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2), a request for deposition (ECF No. 6), and his complaint for screening.  For the reasons set forth below, the court will deny the request for deposition as premature, grant the motion to proceed in forma pauperis, and will give plaintiff the opportunity to proceed with the complaint as screened or file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**REQUEST FOR DEPOSITION**

Plaintiff filed a motion asking for a deposition of defendant Dr. Uddin.  (ECF No. 6.)  Any request for discovery, including a deposition, is premature.  Defendant has not yet been served and the court has not issued a discovery and scheduling order.  Accordingly, plaintiff's request will be denied without prejudice.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.
Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

2

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations

////

concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### I.     Allegations in the Complaint

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at California State Prison, Sacramento ("CSP-SAC"). (ECF No. 1 at 1.) He has identified Dr. Meskath Uddin as the sole defendant in this action. (Id.)

Plaintiff states that on March 9, 2020, he was physically and sexually assaulted by Dr. Uddin. (Id. at 3.) Plaintiff was scheduled to see Dr. Uddin regarding a groin injury, but also had back pain. Dr. Uddin asked plaintiff to pull up his shirt to check a disc. While Dr. Uddin was checking plaintiff's back, he began to punch plaintiff in the back. Plaintiff told Dr. Uddin that hurt and asked why he was punching him. Dr. Uddin stated, "I'm a doctor I know what I'm doing," and hit plaintiff four more times. Plaintiff said, "Hey, knock it off, that shit hurts." Dr. Uddin backed away. (Id.)

Dr. Uddin then told plaintiff to pull his pants down so he could check plaintiff for a hernia. Dr. Uddin walked to the door, looked both ways, and told plaintiff to lie down on the chair. Dr. Uddin approached plaintiff, grabbed plaintiff's genitals with his left hand and pushed plaintiff's left thigh outward with his right hand. Plaintiff said, "Hey, that's not by groin. That's my dick." Dr. Uddin said, "It's all part of the same thing," and squeezed plaintiff's groin area. Plaintiff sat up and said, "dude you're hurting me." Dr. Uddin instructed plaintiff to sit up, stand, twist, and bend at the hip to touch his toes. Thereafter, he told plaintiff, "Nothing is wrong I'm taking your [lower bunk/lower tier] chrono." (Id.)

Plaintiff indicates he filed a Prison Rape Elimination Act ("PREA") complaint. (Id.) However, when he spoke to Investigative Services Unit ("ISU") staff they did not have any record of his complaint. Plaintiff seeks compensatory damages. (Id. at 6.)

### II.    Does Plaintiff State a Claim under § 1983?

#### A.  Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual

1  punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986);
2  Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
3  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy
4  and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited
5  by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  Whether a specific
6  act constitutes cruel and unusual punishment is measured by "the evolving standards of decency
7  that mark the progress of a maturing society."  Rhodes v. Chapman, 452 U.S. 337, 346 (1981)
8  (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)).  In evaluating a prisoner's
9  claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind'
10 and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional
11 violation."  Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson v. Seiter, 501 U.S. 294,
12 298, 303 (1991)).

13 "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a
14 prison staff member, acting under color of law and without legitimate penological justification,
15 touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff
16 member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning
17 the prisoner."  Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020).

18 Plaintiff has alleged that defendant punched him several times without provocation and
19 grabbed his genitals in a manner unrelated to the examination.  Such allegations are sufficient to
20 state a potentially cognizable claim for violation of his Eighth Amendment rights.

21 **B. Fourth Amendment**

22 The Fourth Amendment protects persons against "unreasonable searches and seizures."
23 U.S. Const. amend. IV.  Incarcerated persons "retain a limited right to bodily privacy."
24 Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988).  The Ninth Circuit has held that strip
25 searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological
26 interest," are unconstitutional.  Id. at 332.

27 However, the facts alleged in the complaint do not involve a search or seizure.  Rather,
28 plaintiff was directed to remove his clothing for a medical examination.  Accordingly, the

5

1   undersigned finds that his allegations are more properly analyzed under the Eighth Amendment.
2   Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted) ("Sexual harassment
3   or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment).  To the
4   extent plaintiff disagrees, he will have the opportunity to file an amended complaint.

## AMENDING THE COMPLAINT

As set forth above, plaintiff has stated a potentially cognizable Eight Amendment claim. However, the allegations do not state a claim under the Fourth Amendment.  Accordingly, plaintiff will be given the option to proceed immediately with his Eighth Amendment claim or file an amended complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Any amended complaint should contain all of the allegations related to his claim in this action.  If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for a deposition (ECF No. 6) is denied without prejudice.

4. Plaintiff's complaint (ECF No. 1) states a potentially cognizable Eighth Amendment claim against Dr. Uddin as set forth in Section III above.  The complaint does not state any additional claims.  Accordingly, plaintiff will have the option of proceeding with the complaint as screened or filing an amended complaint.

5. Within thirty (30) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

////

5. Plaintiff is warned that failure to comply with this order may result in a recommendation that this action be dismissed.

Dated: September 23, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/davi0864.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>MESKATH UDDIN,<br><br>  Defendants. | No.  2:22-cv-0864 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his claims Eighth Amendment excessive force claim against defendants Uddin.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing his Fourth Amendment claim.

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

_____
Maurice Daronte Davis
Plaintiff pro se

9