UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>MESKATH UDDIN,<br><br>Defendants. | No. 2:22-cv-0864 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendant violated his Eighth Amendment rights. Presently before the court is plaintiff's motion for the appointment of counsel. (ECF No. 20.)

In support of his motion, plaintiff argues that he has not legal experience and "will need help with legal and complex procedures, legal or mixed legal and factual questions." (ECF No. 20 at 2.) He also argues he is a participant in the California Department of Corrections and Rehabilitation's mental health program, he will need expert assistance in proving his claims, and he does not have the funds to hire an investigator. (Id.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. Plaintiff's filings in this action indicate that he is able to articulate his claims at this time. Therefore, the undersigned will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 20) is denied.

Dated:  February 17, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/davi0864.31