UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>MESKATH UDDIN,<br><br>   Defendants. | No. 2:22-cv-0864 DB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his Fourth and Eighth Amendment rights. Presently before the court is plaintiff's motion to compel (ECF No. 25) and motion to appoint counsel (ECF No. 26)  For the reasons set forth below, the undersigned will deny both motions without prejudice.

**I.    Motion to Compel**

Plaintiff states he sent counsel for defendants two sets of interrogatories on April 3, 2023, and April 13, 2023, respectively. (ECF No. 25 at 1.) He states he also sent a motion for intangible things, more than thirty days have passed, and has not received any response. (Id.)

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.

////

1

37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response."  Fed. R. Civ. P. 37(a)(4).

Generally, if a responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Waterbury v. Scribner, No. 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, at *1 (E.D. Cal. May 8, 2008); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

Plaintiff has not specified which discovery requests are at issue in his motion to compel.  Accordingly, the undersigned will deny the motion to compel without prejudice to its renewal.  In any renewed motion to compel, plaintiff should include provide information indicating which discovery requests are at issue and defendants' response, if any, to those requests, and the reason defendants' objection is not justified.

Plaintiff also alleged in his motion to compel, that defendant "terminated one lawyer and received another."  (ECF No. 25 at 1.)  Plaintiff notes that it appears the new attorney has not responded because the requests were addressed to the attorney previously assigned to the case.  (Id.)  Defendants will receive a copy of this order, in the event that current counsel for defendants has not received plaintiff's discovery requests, they shall reach out to plaintiff and request that plaintiff resubmit his discovery requests.

**II.     Motion to Appoint Counsel**

Plaintiff has also filed a motion requesting the appointment of counsel.  (ECF No. 26.)  In support of the motion plaintiff states he cannot afford counsel, his imprisonment will limit his ability to litigate, he has limited access to the law library, and a trial will likely involve conflicting testimony where counsel would enable plaintiff to present evidence and cross examine witnesses.  (Id. at 1.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances. The arguments raised in plaintiff's motion show nothing more than circumstances common to most inmates. Additionally, plaintiff's filings in this action show that he is capable of explaining the nature of his allegations pro se. Therefore, the undersigned will deny the motion to appoint counsel without prejudice to its renewal at a later stage of the proceedings.

**III.     Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 25) is denied without prejudice; and

2. Plaintiff's motion to appoint counsel (ECF No. 26) is denied without prejudice.

Dated: July 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/davi0864.31+mtc